

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

June 25, 2026

**VIA ELECTRONIC MAIL & ECF**
David S. Becker
Dickinson Wright PLLC
55 West Monroe, Suite 1200
Chicago, Illinois 60603
DBecker@dickinsonwright.com

      Re:    *Orozco v. Eventlink LLC*, No. 7:26-cv-03943 (S.D.N.Y.)
               Response to Motion to Compel Arbitration

Dear Mr. Becker:

We represent Plaintiff Patrick Orozco and the putative collective and class members in the above referenced matter. We write in response to your June 18, 2026 letter seeking to enforce the previously undisclosed arbitration agreement ("Letter Motion").

While Eventlink relies upon the presumptive enforceability of arbitration agreements, there are limits to this deference. This case represents that breaking point. The document provided by Eventlink is an amalgam of red flags strongly disfavored by courts in this district ranging from improper formation to unconscionable terms and omissions. Here, there are genuine issues related to contract formation as the purported signatures are separated by an unreasonable gap of over three years, Eventlink's representative lacked the capacity to sign, and Mr. Orozco does not believe he signed the document. Additionally, the terms are so one-sided in Eventlink's favor that the entire agreement is unconscionable. Thus, we will oppose any attempts to enforce this arbitration agreement as it undercuts the substantive rights afforded to Mr. Orozco by the Fair Labor Standards Act ("FLSA"), the New York Labor Law ("NYLL"), and other wage and hour laws.

## I.    PRELIMINARY MATTER

As a threshold matter, your letter cannot be construed as a motion to dismiss since the only available relief under these circumstances is a stay of action pending arbitration. *See Schatzmann v. Harris partners Ltd.*, 2024 WL 1255296, at *12 (S.D.N.Y. March 22, 2024). Since your relief sought cannot be a dismissal, your letter motion exceeds Judge Kara's three-page limit for all other motions. *See* Part Rules II(A). Thus, to be clear, we consider the Letter Motion to be a simple request for a pre-motion conference and reserve all rights for full briefing on this issue.

## II.    ARGUMENT

### A. Discovery is Needed for Formation Issues.

As recently made clear by the Second Circuit, "not every self-declared 'arbitration agreement' or contract provision within such an agreement is embraced by the FAA's mandate." *Flores v. New York Football Giants, Inc*, 150 F.4th 172, 180 (2d Cir. 2025), cert. denied sub nom.

Fitapelli & Schaffer, LLP
Page 2 of 3

*NY Football Giants, Inc. v. Flores*, No. 25-790, 2026 WL 1463191 (U.S. May 26, 2026). Courts apply general contract principles of state contract law to determine whether there is a valid arbitration agreement between parties. *Thomas v. Public Storage, Inc.*, 957 F. Supp. 2d 496, 499 (S.D.N.Y. 2013). While the FAA reflects a "liberal policy favoring arbitration, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986). The presumption in favor of arbitrability does not apply to disputes concerning whether an agreement to arbitrate has been made. *Applied Energetics, Inc. v. NewOak Capital Markets, LLC*, 645 F.3d 522, 526 (2d Cir. 2011).

Before any enforcement of an arbitration, "the court must first determine whether an agreement to arbitrate exists [and] [t]his question is governed by contract law." *See Segui v. Solar Mosaic, LLC*, 802 F. Supp. 3d 545, 559 (S.D.N.Y. 2025). This is because "[a]rbitration under the Act is a matter of consent, not coercion." *Opals on Ice Lingerie v. Bodylines Inc.*, 320 F.3d 362, 369 (2d Cir. 2003). Questions related to whether the parties formed a valid arbitration agreement are evaluated to determine "whether they raise a genuine issue of material fact." *Segui*, 802 F. Supp. 3d at 559-60.

Here, Mr. Orozco does not recall signing this agreement and does not believe he did so.[1] The fact that Plaintiff's purported signature and Eventlink's signature are more than three years apart likewise raises suspicion. In fact, the corporate representative's own LinkedIn profile shows he left Eventlink in 2019.[2] Where a signature is not genuine, there cannot be a meeting of the minds. *See Opals on Ice Lingerie v. Bodylines, Inc.*, 320 F.3d 362, 370 (2d Cir. 2003) ("a forged signature renders a contract void *ab initio*"). Additionally, the agreement is wholly one sided only binding Mr. Orozco to arbitration for any claims he has against Eventlink – it is not a mutual arbitration agreement. "It is hornbook law that a contract which does not require performance by each party is unenforceable for lack of consideration." *Mercedez v. Compass Group USA Inc.*, 2026 WL 788270, at *7 (S.D.N.Y. March 20, 226) (citations omitted).

Thus, discovery is needed on all facets of the purported contract formation. *See, e.g.*, *Segui*, 802 F. Supp. 3d at 558 (outlining limited discovery).

### B. Even if Formation is Demonstrated, the Arbitration Agreement is Unconscionable.

State law contract defenses – such as unconscionability – can invalidate an arbitration agreement. *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687, 116 S.Ct. 1652, 134 L.Ed.2d 902 (1996). Since the Plaintiff was hired in and worked partially in California, New York's "center of gravity" test mandates California substantive law should apply. *Schatzmann*, 2024 WL 1255296, at *5. Under California law, "a contract is unconscionable if one of the parties lacked a meaningful choice in deciding whether to agree and the contract contains terms that are unreasonably favorable to the other party." *Brooks v. WarnerMedia Direct, LLC*, No. 23 Civ. 11030 (KPF), 2024 WL 3330305, at *16 (S.D.N.Y. July 8, 2024) (*quoting Otom, LLC v. Kho*, 8 Cal. 5th 111, 125 (2019)). Although generally both procedural and substantive unconscionability is necessary, "the more substantively oppressive the contract term, the less evidence of procedural

---

[1] We will provide testimony with full briefings on this point as necessary.

[2] *See* Joe Hartnett LinkedIn Profile (*available at* https://www.linkedin.com/in/jmhartnett/) (last accessed June 25, 2026).

Fitapelli & Schaffer, LLP
Page 3 of 3

unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Id.* (*quoting Armendariz v. Found Health Psychcare Servs, Inc.*, 24 Cal. 4th 83, 114 (2000)). Even under New York law, the "doctrine of unconscionability seeks to prevent sophisticated parties with grossly unequal bargaining power from taking advantage of less sophisticated parties." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 208 (2d Cir. 2018). Like California law, while both procedural and substantive unconscionability are normally necessary, there are "exceptional cases" where a contract may be unenforceable on substantive unconscionability alone. *See Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 12 (1988). Even apart from unconscionability, the "effective vindication" exception to the FAA provides the ability to strike or invalidate "on public policy grounds" arbitration agreements that operate as a "prospective waiver of a party's right to pursue statutory remedies." *American Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 235 (2013).

Under either applicable state law, this Arbitration Agreement is clearly the exception, not the norm. In sum, the Agreement: (i) contains an improper-cost splitting agreement; (ii) contains an improper fee-shifting agreement; (iii) contains an improper statute of limitation cut off provision; (iv) fails to include any opt-out mechanism; (v) includes a class waiver;[3] and (vi) allows for unlimited modification or changing by Eventlink only. These provisions should prevent this Agreement from being enforced. For instance, courts in New York have held that similar "loser pays" provisions in arbitration agreements are unconscionable where a party makes a "showing of individualized prohibitive expense that considers factors including the financial means of plaintiff and the cost differential between arbitration and litigation in court." *Valle v. ATM Nat., LLC*, No. 14 Civ. 7993 (KBF), 2015 WL 413449, at *6–7 (S.D.N.Y. Jan. 30, 2015).[4] The cost sharing, fee shifting, and statute of limitations shortening also undercut Plaintiff's statutory remedies set forth by the FLSA, NYLL, and other wage laws and are unenforceable. *See, e.g., Crespo v. Kapnisis*, No. 21 Civ. 6963 (BMC), 2022 WL 2916033, at *6 (E.D.N.Y. July 25, 2022); *Castellanos v. Raymours Furniture Company Inc.*, 291 F.Supp.3d 294, 301 (E.D.N.Y. 2018). The lack of any opt-out provisions and one-sided nature of the agreement only increases its unconscionability, especially when considering the stark inequality in bargaining power between Mr. Orozco and this employer. *See, e.g., Ingle v. Circuit City Stores*, Inc., 328 F.3d 1165, 1171 (9th Cir. 2003).

### III.   Conclusion

We welcome a pre-motion conference to address the purported arbitration agreement you now wish to enforce.

*Granted. The Court will hold a pre-motion conference on July 6th at 10:30 AM*

Sincerely,

/s/ Joseph A. Fitapelli

Joseph A. Fitapelli

CC: **SO ORDERED:** Hon. Kenneth M. Karas, U.S.D.J. (*via CM/ECF*)

**HON. KENNETH M. KARAS  U.S.D.J.**

*6/26/26*

---

[3] While class waivers are not by themselves unconscionable or unenforceable, this provision should be reviewed as a whole with the other provisions that overall make this entire contract unconscionable.

[4] In full briefings we will provide the requisite evidence necessary.