Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 1 of 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Patrick Orozco *on behalf of himself and all others similarly situated,*

Plaintiff

-against-

Eventlink LLC,

Defendant.

No. 7:26-cv-03943-KMK

**PROTECTIVE ORDER**

KENNETH M. KARAS, United States District Judge:

WHEREAS, all of the parties to this action, including any individuals who consent to join this action pursuant to 29 U.S.C. § 216(b), (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain non-public and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

WHEREAS, the Parties, through counsel, agree to the following terms;

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protection on all disclosures or responses to discovery, and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of the foregoing, and based on the representations of the Parties that discovery in this case will involve confidential documents or information, the public disclosure of which would cause harm to the producing person and/or a third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause to issue an appropriately tailored confidentiality order governing the pretrial phase of this action;

**IT IS HEREBY ORDERED** that any person subject to this Protective Order—including, without limitation, the Parties to this action, their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 2 of 8

1. **General non-disclosure obligation.** Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated "Confidential" pursuant to the terms of this Protective Order (hereinafter, "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. **Designation of Confidential Information.** Any Party or another person producing discovery may designate any document or information, in whole or in part, as Confidential if that Party or other person (or counsel for that Party or other person) determines, in good faith, that such designation is necessary to protect the interests of a Party or third-party in information that is proprietary, a trade secret, or otherwise sensitive non-public information ("Confidential Information" or "Confidential").

3. **Confidential Discovery Material.** With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion Confidential by stamping or otherwise clearly marking Confidential the protected portion in a manner that will not interfere with legibility or audibility.

4. **Confidential deposition transcripts**. With respect to deposition transcripts, any Party or another person producing discovery (or counsel for that Party or other person) may designate such portion Confidential either by (a) indicating on the record during the deposition that a question calls for Confidential Information, in which case the reporter will bind the transcript of the designated testimony (consisting of both question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days of receipt of the final transcript of a deposition, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be) in their possession or under their control as directed by the producing person or that person's counsel. Following the conclusion of a deposition, and until 30 days after receipt of the final transcript, the entire deposition transcript will be treated as if it had been designated Confidential.

5. **Designation of confidential Discovery Material prior to designation**. If at any time prior to the trial of this action, a Party or other person producing the discovery realizes that some portion(s) of Discovery Material previously produced should be designated Confidential, then such Party or person may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will be deemed to be, and treated as, Confidential under the terms of this Protective Order.

6. **Reservation of rights.** Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 3 of 8

7. **Persons permitted access to confidential Discovery Material.** Where a Party or other person producing the discovery has designated Discovery Material Confidential, other persons subject to this Protective Order may only disclose such Discovery Material or information contained therein to:

(a) the Parties to this action, their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) hired by counsel and assigned to this matter, including computer service personnel performing duties relating to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(d) any mediator or arbitrator engaged by the Parties in this matter or appointed by the Court, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(e) as to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who, in the good-faith belief of counsel for a Party, may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form attached hereto;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. **Non-Disclosure Agreement.** Before disclosing any Confidential Discovery Material to any person referenced in subparagraphs 7(c), 7(d), 7(f), or 7(g) above, counsel shall provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form attached hereto stating that the person has read the Protective Order and agrees to be bound by it. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel, either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9. **Challenging confidentiality designations.** Any Party who objects to any designation of confidentiality may, at any time prior to the trial of this action, serve upon counsel for the designating Party or other person a written notice stating with particularity the grounds of

Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 4 of 8

the objection. If the Parties (or other person, as applicable) cannot reach agreement promptly, counsel for all Parties shall address their dispute to the Court in accordance with this Court's Individual Rules of Practice.

10. **Attorneys' Eyes Only.** Any Party may designate Confidential Discovery Material as "Attorneys' Eyes Only" if its disclosure to another Party would create a substantial risk of harm, including harm to the business or competitive position of the producing Party, or the disclosure of personal or financial information, that could not be avoided by less restrictive means. A Party may designate Discovery Material as "Attorneys' Eyes Only" in the same manner that a Party may designate Discovery Material as Confidential. Any Discovery Material designated "Attorneys' Eyes Only" under this paragraph 10 may only be shown to the people in paragraphs 7(b), (c), (d), (e), (g), (h), and (i).

11. **Third-party production of Discovery Material.** A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and, further, that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate confidentiality designation.

12. **Use of Confidential Discovery Material.** Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereof, and not for any business, commercial, or competitive purpose, or in (or in connection with) any other litigation or proceeding. Nothing in this Protective Order, however, will affect or restrict the rights of any Party or other person with respect to its own documents or information produced in this action. Nor does anything in this Protective Order limit or restrict the rights of any Party or other person to use or disclose information or material obtained independently from, and not through or pursuant to, the Federal Rules of Civil Procedure.

13. **Subpoenas and other compulsory process**. Nothing herein will prevent any Party or other person subject to this Protective Order from producing any Confidential Discovery Material it received in this action in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such Party or other person receiving such a request or process shall provide written notice to the producing Party or other person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing Party or other person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing Party or other person deems it appropriate to do so.

14. **The Court's Individual Rules of Practice**. In accordance with this Court's Individual Rules of Practice, any Party filing documents under seal must first file with the Court a letter-motion explaining the basis for sealing such documents. The Parties should be aware

Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 5 of 8

that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006) (internal quotation omitted).

15. **The Court's discretion over Discovery Material**. The Court also retains unfettered discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

16. **Filing Confidential Discovery Material with the Court**. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System ("ECF"). The Parties shall simultaneously file under seal via ECF (with the appropriate level of restriction) an unredacted copy of the Confidential Court Submission with the proposed redactions highlighted.

17. **Safeguarding Confidential Material**. Each Party or other person who has access to Discovery Material that has been designated Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. **Safeguarding Personally Identifying Information**. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the Parties who receive such information and are bound by this Protective Order in a manner that is secure and confidential. Nothing herein shall preclude the producing Party or other person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving Party's failure to appropriately protect PII from unauthorized disclosure.

19. **Inadvertent disclosure of privileged material**. This Order is entered, in relevant part, pursuant to Federal Rule of Evidence 502(d). If, in connection with this litigation, a Party or other person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

20. **Claw back of Inadvertently Disclosed Information**. If a disclosing Party or other person makes a claim of inadvertent disclosure, the receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

21. **Privilege log of Inadvertently Disclosed Information**. Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed,

Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 6 of 8

the disclosing Party or other person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22. **Production of Inadvertently Disclosed Information**. The receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

23. ***In camera* review of Inadvertently Disclosed Information**. The disclosing Party or other person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Party or other person to request an *in camera* review of the Inadvertently Disclosed Information.

24. **Duration and final disposition.** This Protective Order shall survive the termination of the litigation and will continue to be binding upon all Parties to whom Confidential Discovery Material is produced or disclosed. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies thereof, shall be destroyed. By the 30-day deadline, the recipient must certify the destruction of all Confidential Discovery Material, and all copies thereof, by submitting a written certification to the producing Party or other person that affirms that the recipient has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys specifically retained by the Parties for representation in this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

25. **Enforcement and continuing jurisdiction.** All persons subject to this Protective Order acknowledge that willful violation of the Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder, or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

*/s/ Armando A. Ortiz*
Dated: August 12, 2026

**FITAPELLI & SCHAFFER LLP**
Joseph A. Fitapelli
Armando A. Ortiz
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: 212-300-0375
Facsimile: 212-481-1333
Jfitapelli@fslawfirm.com
aortiz@fslawfirm.com

*/s/ James R. Horner*
Dated: August 12, 2026

**SIDLEY AUSTIN LLP**
Margaret H. Allen
2323 Cedar Springs
Suite 2600
Dallas, TX 75201
Tel.: (214) 981-3300
Fax: (214) 981-3400
margaret.allen@sidley.com

Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 7 of 8

James R. Horner
787 Seventh Avenue
New York, New York 10019
Tel.: (212) 839-5300
Fax: (212) 839-5599
jhorner@sidley.com

*Counsel for Plaintiff*

*Counsel for Defendant*

SO ORDERED.

Dated: 8/13/26
White Plains, New York

KENNETH M. KARAS
United States District Judge

Case 7:26-cv-03943-KMK Document 15 Filed 08/12/26 Page 8 of 8

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Patrick Orozco *on behalf of himself and all others similarly situated,*

Plaintiff

-against-

Eventlink LLC,

Defendant.

No. 7:26-cv-03943-KMK

**PROTECTIVE ORDER**

I, ________________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ________________________ ______________________________